Citation Nr: 1761242 
Decision Date: 12/14/17 Archive Date: 01/02/18

DOCKET NO. 15-22 815 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for left ear hearing loss.

2. Entitlement to service connection for right ear hearing loss.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

K. Churchwell, Associate Counsel



INTRODUCTION

The Veteran served on active duty from October 1959 to September 1961.

The matter comes before the Board of Veterans' Appeals (Board) from an October 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas, which denied service connection for bilateral hearing loss.

The Board previously remanded these claims in November 2016 for further development. In August 2017, the Board sought an advisory medical opinion from the Veterans Health Administration (VHA).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The preponderance of evidence of record supports the finding that the Veteran's current left ear hearing loss disability is etiologically related to his active service. 

2. A right ear hearing loss disability was not manifested in service; right ear sensorineural hearing loss (SNHL) was not manifested in the first postservice year; and the preponderance of the evidence is against a finding that the Veteran has a current right ear hearing loss disability that is etiologically related to his active service.


CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for left ear hearing loss have been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1132, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309(a) (2017). 

2. The criteria for entitlement to service connection for right ear hearing loss have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1132, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309(a) (2017). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2017). 

The duty to notify has been met. Neither the Veteran, nor his representative, has alleged prejudice with regard to notice. The Federal Court of Appeals has held that "absent extraordinary circumstances...it is appropriate for the Board and the Veterans Court to address only those procedural arguments specifically raised by the veteran...." See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). In light of the foregoing, nothing more is required.

VA also has a duty to assist a claimant in the development of a claim. That duty includes assisting the claimant in the procurement of service and other relevant records and providing an examination when necessary. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2017). 

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). The RO has associated the Veteran's service treatment records and VA treatment records with the claims file. The Veteran was also afforded adequate examinations. The examiners considered the relevant history, provided a detailed description of the condition, and provided an extensive analysis to support the conclusions reached. See Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007). 

Additionally, in August 2017 the Board sought and received in September 2017 a medical opinion from a VHA specialist. A copy of the report was also sent to the Veteran and his representative in September 2017 but no response was received.

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this claim, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

II. Legal Criteria, Facts and Analysis

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

In addition, service connection for certain chronic diseases, including hearing loss, may be established on a presumptive basis by showing that the condition manifested to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1137; 38 C.F.R. §§ 3.307, 3.309(a); Fountain v. McDonald, 27 Vet. App. 258, 271-72 (2015). Although the diseases need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a).

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. §§ 3.303(b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

In his April 2014 Notice of Disagreement and his June 2015 VA Form 9, the Veteran contended that his lack of safety protection during service and the extensive military noise he was exposed to caused his current hearing conditions in the long term effect. He further stated he had no loud noise exposure during his civilian life as a teacher and a coach.

Concerning the first element of a service connection claim, existence of a current disability, impaired hearing will be considered a disability for VA purposes when the thresholds for any of the frequencies of 500, 1000, 2000, 3000 and 4000 Hertz (Hz) are 40 decibels or more; the thresholds for at least three of these frequencies are 26 decibels or more; or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

A VA audiometric examination in September 2013 revealed pure tone auditory thresholds at the frequencies of 500, 1000, 2000, 3000, and 4000 Hz to be 20 dB, 35 dB, 60 dB, 65 dB and 55 dB respectively, in the left ear and 25 dB, 30 dB, 55 dB, 60 dB and 65 dB respectively, in the right ear. These findings show that the Veteran meets the criteria for a current hearing loss disability under 38 C.F.R. § 3.385, which the examiner diagnosed as bilateral sensorineural hearing loss. 
As to the second element, the in-service incurrence of the disease or injury, the Veteran's September 1961 Report of Medical Examination for purposes of separation did not show a hearing loss disability. Additionally, there was no mention of hearing loss difficulties on either the separation examination or the Report of Medical History. 

However, the absence of in-service evidence of a hearing loss disability during service is not fatal to the Veteran's service connection claim. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Evidence of a current hearing loss disability and a medically sound basis for attributing that disability to service may serve as a basis for a grant of service connection for hearing loss where there is credible evidence of noise trauma due to significant noise exposure in service, post-service audiometric findings meeting the regulatory requirements for hearing loss disability for VA purposes, and a medically sound basis upon which to attribute the post-service findings to the injury in service. See Hensley v. Brown, 5 Vet. App. 155 (1993).

The record does include evidence of exposure to excessive noise in service. In particular, the Veteran claims his bilateral hearing loss was due to his active service as a field artillery unit commander and being exposed to noise from 105 millimeter and 155 millimeter howitzer artillery fire as well as weekly infantry training using the M1 rifle. Based on the Veteran's military occupation, and absent any evidence to the contrary, the Board finds no reason to question is accounts of having been exposed to noise trauma in service.

Notwithstanding the conceded in-service noise exposure, the third element, a causal connection between the military noise exposure and the Veteran's present hearing loss must be established. 

The Veteran's wife, M.B., submitted a buddy statement in April 2014 in which she stated she first started noticing difficulty with the Veteran's hearing in 2000. He would often ask her to repeat herself and need the radio or television on a very high volume. He received hearing aids in 2008 and then newer, more effective hearing aids in 2011.
In September 2013, the Veteran was afforded a VA audiological examination. At that time, the September 2013 VA examiner found it was less likely as not that the Veteran's hearing loss was caused by his military service. In support of that finding, the examiner stated audiological records at enlistment and release from active duty showed puretone thresholds within normal limits. The examiner also noted that the Veteran passed whispered voice screenings on other occasions. 

However, this opinion is flawed. The examiner does not address the Veteran's specific lay reports of hearing loss following his service. Dalton v. Nicholson, 21 Vet. App. 23 (2007) (VA opinion found to be inadequate where examiner ignores lay statements). Moreover, despite no documentation of hearing loss in the service treatment records, the examiner failed to address whether either are causally related to an injury in service. See Henlsey v. Brown, 5 Vet. App. 155 (1993). As such, the nexus opinion provided is of little probative value.

In August 2017, the Board requested a VHA medical opinion, which was received in September 2017. The VHA medical opinion provider found it was at least as likely as not that the Veteran's current hearing loss in the left ear was a result of noise exposure while in service, but it was less likely than not that the hearing loss in the right ear was a result of the noise exposure in the military. In support of that opinion, the VHA medical opinion provider explained the induction and separation audiograms indicated normal hearing bilaterally without significant threshold shift in the right ear and a significant threshold shift at one frequency (4000 Hz) in the left ear. Further, the records showed no hearing loss bilaterally or significant changes in hearing thresholds greater than normal measurement variability during military service in the right ear. There was also no record of complaint or treatment of the claims condition in the service records for either ear. The VHA medical opinion provider indicated the Institute of Medicine had concluded that based on current knowledge of cochlear physiology, there was insufficient evidence to determine whether permanent noise-induced hearing loss could develop much later in one's lifetime, long after the cessation of that noise. As such, the VHA medical opinion provider concluded no nexus could be found between the current disability in the right ear and exposure to noise in the military. 

The Board acknowledges the Veteran's contention that his bilateral hearing loss was caused by his conceded in-service noise exposure. However, the Veteran's statements regarding the cause of his hearing loss are lay statements that purport to provide a nexus opinion between his service and his condition, and the Board finds the Veteran's statements are not competent for this purpose. Although it is error to categorically reject a lay person as competent to provide a nexus opinion, not all questions of nexus are subject to non-expert opinion. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). Whether a layperson is competent to provide a nexus opinion depends on the facts of the particular case. In Davidson, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) drew from its earlier decision in Jandreau v. Nicholson to explain its holding. Id. 

In that earlier decision, the Federal Circuit stated as follows: "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

The Federal Circuit provided an example, stating that a layperson would be competent to identify a simple condition such as a broken leg, but not competent to provide evidence as to a more complex medical question such as a form of cancer. Id. at n.4. Also of note is that the Veterans Court has explained that non-expert witnesses are competent to report that which they have observed with their own senses. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). 

Taking Davidson, Jandreau, and Layno together, leads the Board to the conclusion that the complexity of the question and whether a nexus opinion could be rendered based on personal observation are factors in determining whether a non-expert nexus opinion or diagnosis is competent evidence. 

In the instant case the question of whether the Veteran's bilateral hearing loss was caused by in-service noise exposure is something that cannot be determined by mere observation. Nor is this question simple, as it requires clinical testing and training to make the appropriate interpretations and conclusions about what the testing demonstrates in conjunction with the symptoms reported. The Board finds the Veteran is competent to describe noise exposure both in and out of service as well as his hearing symptoms. However, the causation of the hearing loss requires a medical expert's opinion and objective medical findings. As such, the Board finds that the Veteran's statements as to the etiology of his bilateral hearing loss are not competent evidence as to a nexus.

Consequently, the only competent and the most probative evidence of record is the September 2017 VHA medical opinion which determined that there was a relationship between the Veteran's left ear hearing loss but not his right ear hearing loss and his active service. As such, the preponderance of evidence supports a finding that the Veteran's left ear hearing loss was incurred in service, but his right ear hearing loss was not incurred in service. 

As all three elements are met for the hearing loss in the left ear only, the appeal must be granted as to entitlement to service connection for left ear hearing loss but denied as to right ear hearing loss. There is no reasonable doubt to be resolved in this case. See 38 U.S.C. § 5107(b) (2012); 38 C.F.R. § 3.102 (2017); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Service connection for left ear hearing loss is granted.

Service connection for right ear hearing loss is denied.




____________________________________________
A. ISHIZAWAR
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs